IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| In re: | Case No. 16-0285 (MCF) |
|---|---|
| NORFE GROUP CORP., | Chapter 11 |
| Debtor(s). | |

## MOTION FOR SANCTIONS AND CONTEMPT OF COURT ORDER

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

  **COMES NOW** PR Asset Portfolio 2013-1 International Sub I, LLC ("PRAPI"), secured and judgment creditor herein, by and through its undersigned counsel, and respectfully requests as follows:

  1. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Code") on January 20, 2016 (the "Petition Date"). See, Docket No. 1.

  2. Further, on January 20, 2016, PRAPI submitted a written communication to Debtor's counsel informing that PRAPI does not consent to Debtor's continued use of the Cash Collateral (the "Prohibition Letter"). See, Docket No. 18-19. PRAPI also filed a notice and demand for adequate protection on January 26, 2016 (the "Request for Adequate Protection"), whereby PRAPI notified the Debtor, and all parties in interest, that it had not consented to any use of Cash Collateral. See, Docket No. 9.

  3. On February 18, 2016, PRAPI filed an "Urgent Motion for Entry of Order Prohibiting the Use of PRAPI's Cash Collateral" in order to preclude Debtor from utilizing the Cash Collateral (as defined therein), as well as requiring Debtor to (i) provide an accounting of all Cash Collateral received by or for the benefit of the Debtor since the Petition Date; (ii) directing Debtor to provide PRAPI full access to the books and records of the Debtor; (iii) requiring that any Cash Collateral that is in the possession, custody or control of the Debtor or

00354901; 2

any of the insiders of the Debtor (as such term is defined in 11 U.S.C. § 101) be turned over to PRAPI, among other things (the "Cash Collateral Motion"). See, Docket No. 18.

4. The Cash Collateral Motion was granted as unopposed on March 7, 2016 (the "Cash Collateral Order"). See, Docket No. 30.

5. Notwithstanding the foregoing, Debtor filed an "Urgent Motion for Use of Property of the Estate and Adequate Protection" on March 29, 2016 in which it requested, for the first time in this case, Court authorization for the use of the Cash Collateral (the "Urgent Motion"). See, Docket No. 49.

6. PRAPI timely opposed the Urgent Motion on April 12, 2016 (Docket No. 67) and a hearing to consider Debtor's potential use of the Cash Collateral is currently scheduled for May 10, 2016. See, Docket No. 50.

7. No Court order has been entered reversing or modifying the Cash Collateral Order, or otherwise authorizing Debtor to use the Cash Collateral, nor has PRAPI consented to the use of the same.

8. To date, debtor has failed to submit the corresponding accounting of the Cash Collateral to PRAPI, and has not turned over any Cash Collateral in its possession to PRAPI in furtherance of the Cash Collateral Order.

9. Even more egregious is Debtor's admission to the effect that, notwithstanding the Court's entry of the Cash Collateral Order, the Debtor has continued to use PRAPI's Cash Collateral as reflected in Debtor's most recent Monthly Operating Report. See, Dockets No. 47 and 71 at pp. 2 and 3.

10. Debtor's blatant disregard of the Cash Collateral Order not only denotes Debtor's complete disregard of the Court's authority, it further highlights Debtor's bad faith dealings in

this case, given that Debtor has, knowingly and wantonly, incurred in actions directed towards dissipating the Cash Collateral to PRAPI's sole detriment.

11. In view of Debtor's complete disdain towards the bankruptcy process as a whole, and in order to safeguard PRAPI's interests therein, PRAPI requests that this Honorable Court sanction and/or otherwise find Debtor in contempt of the Cash Collateral Order, and that Debtor be immediately and forthwith directed to return the Cash Collateral utilized as per its most recent Monthly Operating Report, and to forthwith require Debtor to, within a period of five (5) submit any and all accounting of the Cash Collateral to PRAPI, as well as indefeasibly turn over to PRAPI any and all Cash Collateral in its position in accordance to the terms of the Cash Collateral Order.

**WHEREFORE**, for the reasons stated above, PRAPI respectfully requests this Honorable Court to impose sanctions against Debtor and/or otherwise find Debtor in contempt of the Cash Collateral Order (Docket No. 30), and that Debtor be:

a) immediately and forthwith directed to return to PRAPI the Cash Collateral amounts utilized as per its most recent Monthly Operating Report (Docket No. 71);

b) to, within a period of five (5) submit any and all accounting of the Cash Collateral to PRAPI; and

c) to indefeasibly turn over to PRAPI any and all Cash Collateral in its position in accordance to the terms of the Cash Collateral Order;

d) to comply with all of its duties and obligations pursuant to the terms of the Cash Collateral Order; and

e) to impose sanctions against Debtor for reasonable expenses and attorney's fees incurred by PRAPI due to Debtor's unauthorized use of the Cash

00354901; 2

Collateral, as well as denying the Urgent Motion (Docket No. 49) and/or the dismissal of the instant case.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 29th day of April, 2016.

## NOTICE OF TIME TO RESPOND

Within fourteen (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, as well as by first class mail upon all parties listed in the Mailing Matrix of the instant bankruptcy proceeding.

**O'NEILL & BORGES LLC**
*Attorneys for PR Asset Portfolio 2013-1*
*International Sub I, LLC*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, Puerto Rico 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*s/Hermann D. Bauer*
Hermann D. Bauer
USDC-PR 2125205
hermann.bauer@oneillborges.com

*s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
nayuan.zouairabani@oneillborges.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 16-0285 (MCF) |
| NORFE GROUP CORP., | Chapter 11 |
| Debtor(s). | |

## LOCAL BANKRUPTCY RULE 9013-1(a) CERTIFICATION

I, Nayuan Zouairabani, Esq., counsel to PR Asset Portfolio 2013-1 International Sub I, LLC ("PRAPI"), do hereby certify that, pursuant to Local Bankruptcy Rule 9013-1(a), I have carefully examined the matter and concluded that there is a true need for an emergency hearing, that neither I or PRAPI have created the emergency through any lack of due diligence, and that both I and PRAPI have made bona fide efforts to resolve the matter without a hearing.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 27th day of April, 2016.

**O'NEILL & BORGES** $^{LLC}$

*Attorneys for PR Asset Portfolio 2013-1 International Sub I, LLC*
American International Plaza
250 Muñoz Rivera Avenue, Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

By: *s/Nayuan Zouairabani*
Nayuan Zouairabani
USDC No. 226411
Email: nayuan.zouairabani@oneillborges.com

00354901; 2

-5-